238 So.2d 899

**Billie Lee HOWARD**

v.

**STATE.**

**1 Div. 19.**

Court of Criminal Appeals of Alabama.

Aug. 25, 1970.

Hare & Pearson, Monroeville, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

ALMON, Judge.

Billie Lee Howard appeals from a judgment of conviction of forgery in the second degree. His punishment was fixed at one year and one day in the penitentiary.

On a Friday in late May or early June of 1968, several blank checks were stolen from the Delta Concrete Company at its work site in Monroeville. The following week one of these checks, forged, was cashed at the Monroe County Bank in Monroeville by a Negro man.

The evidence showed that the accused, Billie Lee Howard, was a former employee of the Delta Concrete Company and had had an opportunity to steal the blank checks.

Appellant was "picked up" by the sheriff during the course of his investigation and taken to the bank. There he was placed in a line-up with another Negro who was substantially taller than he. Two tellers who had been working in the bank at the time the forged check was cashed identified appellant by nodding their heads. Later, at the trial, these two witnesses testified that appellant looked very much like the man who cashed the check, although they would not swear that he was the man.

The United States Supreme Court has held in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, that pretrial identification confrontations are a critical stage of the prosecution and that counsel is required. See Jones v. State, 283 Ala. 221, 215 So.2d 437.

*Wade* and *Gilbert* fashion exclusionary rules to the admission of an in-court identification without first determining that it was not tainted by the illegal line-up. This rule of constitutional exclusion applies only to confrontations for identification purposes conducted in the absence of counsel after June 12, 1967. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Reversed and remanded.